UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DAVID ALLEN EVANS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NATHAN WETTACH,<br><br>　　　　　Defendant. | **REPORT AND RECOMMENDATION TO DISMISS COMPLAINT (DOC. NO. 3)**<br><br>Case No. 2:20-cv-00626-RJS-DAO<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

　　　　Pro se Plaintiff David Allen Evans, proceeding *in forma pauperis*, (*see* Doc. No. 2), filed this action against Nathan Wettach, (Compl. 1, Doc. No. 3).  Mr. Evans brings his complaint under 42 U.S.C. § 1983, alleging Mr. Wettach retaliated against him and violated his privacy rights.  (Compl., Doc. No. 3.)  The court previously identified deficiencies in the complaint and ordered Mr. Evans to file an amended complaint.  (Order to File Am. Compl., Doc. No. 9.)  The court noted failure to file an amended complaint may result in an order or recommendation to dismiss this action.  (*Id.*)  Mr. Evans did not file an amended complaint by the deadline set in the court's order or anytime thereafter.  Because Mr. Evans failed to comply with the court's order to amend his complaint, further opportunities to amend would be futile.  For the reasons stated below, the complaint fails to state a claim on which relief may be granted and the undersigned[1]

---

[1] On October 10, 2020, the chief district judge referred this case to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B).  (Doc. No. 6.)

1

recommends the chief district judge dismiss the complaint.

## LEGAL STANDARDS

Whenever the court authorizes a party to proceed *in forma pauperis*, the court may "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether a complaint fails to state a claim for relief under section 1915, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). The court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013). But the court need not accept the plaintiff's conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217 (citation omitted).

Because Mr. Evans proceeds pro se, his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. Still, a pro se plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks

omitted).  For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based." *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).  While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements," *Hall*, 935 F.2d at 1110, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf," *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

ANALYSIS

Mr. Evans' complaint fails to state a claim on which relief may be granted.  Mr. Evans makes a claim under 42 U.S.C. § 1983 but fails to assert any facts to support this claim.  (*See* Compl. 1, Doc. No. 3.)  To state a claim under § 1983, "a plaintiff must allege (1) deprivation of a federal right by (2) a person acting under color of state law." *Watson v. Kan. City*, 857 F.2d 690, 694 (10th Cir. 1988).  In addition, a plaintiff must establish "an affirmative link between a defendant's conduct and a constitutional violation." *Auvaa v. City of Taylorsville*, 506 F. Supp. 2d 903, 909–10 (D. Utah 2007) (citing *Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1157 (10th Cir. 2001)).  Finally, "private conduct, no matter how discriminatory or wrongful" may not be redressed by a § 1983 claim. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999).

Mr. Evans asserts Mr. Wettach violated his privacy rights and retaliated against him by bringing up "'half eaten jar of pickles' verbatim [in his] email to Mr. Lundy." (Compl. 4, Doc. No. 3.)  Mr. Evans also contends Mr. Wettach, as an asset protection manager at Walmart, violated his right to liberty by confronting him about "potential things [he] did while off the

clock or not working for Walmart." (*Id.*)  Finally, Mr. Evans claims Mr. Wettach violated his "right to a safe and peaceful environment" by becoming hostile and angry rather than talking to him in a civil manner.  (*Id.* at 4–5.)

      Mr. Evans' complaint fails to state a plausible claim for relief under Rule 12(b)(6) because he has not alleged facts showing how Mr. Wettach, who appears to be a Walmart employee, was a government actor engaged in official conduct.  Thus, his complaint necessarily fails to allege a § 1983 claim.  Mr. Evans also has not alleged a violation of his constitutional rights.

      Mr. Evans' complaint hints at a hostile work environment claim.  (*See* Compl., Doc. No. 3.)  But as the court explained in its order to file an amended complaint, hints do not meet the pleading standards of Rule 12(b)(6) and Rule 8.  (Order to File Am. Compl. 4 n.1, Doc. No. 9.) To sufficiently claim a hostile work environment, Mr. Evans must assert facts establishing: "(1) [he] is a member of a protected group; (2) [he] was subject to unwelcome harassment; (3) the harassment was based on [a protected characteristic] and (4) [due to the harassment's severity or pervasiveness], the harassment altered a term, condition, or privilege of [Mr. Evans'] employment and created an abusive working environment."  *Harsco Corp. v. Renner*, 475 F.3d 1179, 1186 (10th Cir. 2007) (internal quotation marks omitted).  Further, Mr. Evans must name Walmart as a defendant and identify a basis for holding Walmart liable under Title VII, *id.*, such as (1) acts an employee committed "within the scope of [his or her] employment; (2) where the employer was negligent or reckless; or (3) where the employee purported to act or to speak on behalf of the employer and there was reliance upon apparent authority, or the harasser was aided by the agency relation," *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 673 (10th Cir. 1998)

(internal quotation marks omitted).  Mr. Evans' complaint is devoid of any such allegations and fails to state a plausible claim for relief.

Mr. Evans did not comply with the court's order to file an amended complaint.  As a result, he failed to assert any additional facts necessary to state a plausible section 1983 claim or hostile work environment claim.  As it stands, Mr. Evans' complaint fails to state a plausible claim for relief under Rule 12(b)(6) and the undersigned recommends his complaint be dismissed.  Where Mr. Evans failed to amend his complaint, further opportunities to amend would be futile, and dismissal is appropriate.

## RECOMMENDATION

Where Mr. Evans' complaint fails to state a plausible claim for relief under Rule 12(b)(6), the undersigned RECOMMENDS the chief district judge dismiss the complaint.  The court will send this Report and Recommendation to Mr. Evans, who is notified of his right to object to it.  *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).  Mr. Evans must file any objection to this Report and Recommendation within fourteen (14) days of service.  *Id.*  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 15th day of November, 2021.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge