IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DAVID ALLEN EVANS,<br><br>         Plaintiff,<br><br>v.<br><br>NATHAN WETTACH,<br><br>         Defendant. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:20-cv-00626-RJS-DAO<br><br>Chief District Judge Robert J. Shelby<br>Magistrate Judge Daphne A. Oberg |

Plaintiff David Allen Evans, proceeding in forma pauperis,[1] filed his Complaint on September 15, 2020.[2] In it, Evans alleges that Defendant Nathan Wettach "acted hostile towards me," "violated my right to freedom and privacy," and "shouldn't have got upset over reports of what I supposedly did off the clock or on my lunch hour."[3] Evans asserts three causes of action putatively under 42 U.S.C. § 1983: "privacy rights," "right to liberty," and "right to a safe and peaceful environment."[4]

On October 29, 2020, this case was referred to Magistrate Judge Daphne A. Oberg pursuant to 28 U.S.C. § 636(b)(1)(B).[5] On September 17, 2021, Judge Oberg issued an Order directing Evans to file an Amended Complaint by October 18, 2021, noting the original Complaint lacked "a short and plain statement showing [Evans] is entitled to relief," and the facts asserted did not support a claim under 42 U.S.C. § 1983.[6] The Order cautioned Evans that

---

[1] Dkt. 2 (Order Granting Motion for Leave to Proceed In Forma Pauperis).

[2] Dkt. 3 (Complaint).

[3] *Id.* at 3.

[4] *Id.* at 1, 4–5.

[5] Dkt. 6 (Order Referring Case).

[6] Dkt. 9 (Order).

failure to file an Amended Complaint "may result in an order or recommendation to dismiss the action."[7]  No Amended Complaint was filed.  On November 15, 2021, Judge Oberg issued a Report and Recommendation (the Report) recommending Evans' Complaint be dismissed for failing to state a claim for relief.[8]  The Report also recommends dismissal be with prejudice because Evans failed to amend his Complaint, and accordingly, "further opportunities to amend would be futile."[9]  The Report also advised Evans of his right to object to the Report, within fourteen days, pursuant to Federal Rule of Civil Procedure 72(b).[10]  Judge Oberg further cautioned Evans that "[f]ailure to object may constitute waiver of objections upon subsequent review."[11]  Evans did not object to the Report.

Federal Rule of Civil Procedure 72(b)(2) allows parties to file "specific written objections to the proposed findings and recommendations" within fourteen days after being served with a copy of the recommended disposition.  When no objections are filed, the Supreme Court has suggested no further review by the district court is required, but nor is it precluded.[12]  This court reviews for clear error any report and recommendation to which no objections have been raised.[13]

---

[7] *Id.* at 4.

[8] Dkt. 10 (Report and Recommendation) at 2–5.

[9] *Id.* at 4.

[10] *Id.*

[11] *Id.*

[12] *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("The [Federal Magistrate's Act] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection.").

[13]  *See, e.g.*, *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made [to a magistrate judge's report and recommendation], the district court judge reviews those unobjected portions for clear error.") (citations omitted); *see also* Fed. R. Civ. P. 72(b) Advisory Committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citing *Campbell v. U.S. Dist. Court for N. Dist. of Cal.*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879).

Because there is no objection to the Report, it is reviewed for clear error. Having carefully considered the Report, the court finds no such error. Indeed, the Report carefully considers the more lenient standard used in reviewing a pro se plaintiff's filings alongside a plaintiff's Rule 8 obligations to the court in concluding that Evans' Complaint fails to state a claim for relief.[14] Thus, the court ADOPTS the Report, and the recommendation therein that Evans' Complaint be DISMISSED with prejudice for failure to state a claim upon which relief may be granted.[15] The Clerk of Court is directed to close this case.

SO ORDERED this 14th day of February, 2022.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[14] *See* Report at 2–4.

[15] *See id.* at 2 (explaining that when a party proceeds in forma pauperis, the court may dismiss the action at any time it determines the Complaint fails to state a claim upon which relief can be granted) (citing 28 U.S.C. § 1915(e)(2)(B)(ii)).